UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT


ANTHONY BARILE                  :
                                :              PRISONER
     v.                         :      Case No. 3:04CV1347(JBA)
                                :
CITY OF HARTFORD and            :
LUIS RODRIGUES                  :

                           RULING AND ORDER

Plaintiff Anthony Barile ("Barile") brings this civil rights action pro se, pursuant to 28 U.S.C. § 1915. He alleges that defendant Rodrigues used excessive force in effecting Barile's arrest. Pending is defendants' motion to dismiss. For the reasons that follow, defendants' motion is granted.

I.   Standard of Review

When considering a Rule 12(b) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Flores v. Southern Peru Copper Corp., 343 F.3d 140, 143 (2d Cir. 2003). Dismissal is inappropriate unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. See Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 654 (1999); Sweet v. Sheahan, 235 F.3d 80, 83 (2d Cir. 2000). "'[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'"

York v. Association of Bar of City of New York, 286 F.3d 122, 125 (2d Cir.) (quoting Scheuer, 416 U.S. at 236), cert. denied, 537 U.S. 1089 (2002).  In other words, "'the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'"  Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)).  However, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" from being granted.  Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) (internal quotation marks and citation omitted).

II.  Facts

For the purposes of deciding this motion, the court assumes that the following allegations contained in the complaint are true.

On December 21, 1996, Barile was walking through the Dutch Point Housing Project in Hartford, Connecticut.  Barile ran when two persons began chasing him.  Once he realized that the persons were police officers, Barile stopped running and complied with the officers' order that he lie, face down, on the ground.  While he was on the ground, defendant Rodrigues hit him in the head with a hand-held radio.  Defendant Rodrigues ordered Barile to

2

tell the doctors at the hospital that he injured himself in a "fall."

Subsequently, Barile made a complaint to the Internal Affairs Division and an investigator was assigned to verify Barile's claim. On June 11, 1997, a private attorney informed Barile that the law firm had filed a Notice of Intent to sue the City of Hartford.

On April 13, 2004, the Civilian Police Board held a hearing on the Internal Affairs complaint and sustained the complaint by a vote of 4-1. Although the results were forwarded to the then acting police chief, Barile has received no communication regarding his complaint.

On July 17, 2004, Barile read a newspaper article indicating that the Honorable Ellen Bree Burns, U.S.D.J., had ruled on a consent decree that would result in the review and, hopefully, resolution of the backlog of complaints against the Hartford Police Department. Barile commenced this action by complaint dated July 20, 2004.

III. Discussion

Defendants move to dismiss on the ground that the complaint is time-barred.

The limitations period for filing a section 1983 action is three years. See Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994) (holding that, in Connecticut, the general three-year

personal injury statute of limitations set forth in Connecticut General Statutes § 52-577 is the appropriate limitations period for civil rights actions asserted under 42 U.S.C. § 1983). Barile alleges that defendant Rodrigues used excessive force against him on December 21, 1996.  Thus, Barile had until December 21, 1999, to file his complaint.

When considering a case filed by a prisoner, the courts consider a complaint to have been filed as of the date the inmate gives the complaint to prison officials to be mailed to the court.  See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (holding that a pro se prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)).

Barile signed his complaint on July 20, 2004.  Thus, Barile could not have given the complaint to prison officials for mailing before that date.  Even applying the prison mailbox rule, Barile filed his complaint over 4½ years too late.  The filing of a Notice of Intent to sue by plaintiff's counsel did not operate to toll the statute of limitations.

In opposition to the motion to dismiss, Barile states that, on June 12, 2004, the Honorable Ellen Bree Burns, U.S.D.J., issued a consent decree requiring that the City of Hartford and the Hartford Police Department "clean up all old unresolved

issues of police misconduct dating back to 1997." Barile has not identified the case in which the consent decree was issued and an examination of the court docket reveals no case pending during 2004 that was assigned to Judge Burns with either the City of Hartford or the Hartford Police Department as a party. In any event, the existence of a consent decree would not extend the limitations period to commence an action seeking redress for the December 1996 events.[1]  Thus, defendants' motion to dismiss is granted on the ground that the action is time-barred.

IV. Conclusion

Defendants' motion to dismiss [**doc. #12**] is **GRANTED**. The Clerk is directed to enter judgment in favor of defendants and close this case.

**SO ORDERED** this 31st day of August, 2005, at New Haven, Connecticut.

```
            /s/
      _____
      Janet Bond Arterton
      United States District Judge
```

---

[1] If Barile is covered by the consent decree and that decree is violated, Barile could seek enforcement of the consent decree by filing a motion in the case in which the consent decree was entered. See Local Number 93, Int'l Assoc. of Firefighters v. City of Cleveland, 478 U.S. 501, 523-24 n. 13 (1986) (explaining that a consent decree continues jurisdiction in a single court); see also Tyson v. New York City Housing Authority, 369 F. Supp. 513, 518 (S.D.N.Y. 1974)(rejecting plaintiffs' attempt to bring a separate suit to enforce the consent decree and noting plaintiffs' remedy lies with court that entered the consent decree).